IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:19-cr-00244-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER OF FORFEITURE |
| | ) | |
| WILLIAM JON PATRIC EBERT | | |

THIS MATTER is before the Court on the Government's Motion for forfeiture of two seized hard drives, identified more specifically herein, that the Government contends contain child pornography and/or were used to produce the child pornography offenses of which a Jury found Defendant guilty. As set forth more fully below, based on the conviction, trial evidence, and information already in the record, the Government has established the requisite nexus between the property and the Count Two and Count Three offenses in this case. In support of this Order, the Court FINDS AS FOLLOWS:

## BACKGROUND

On June 19, 2020, a Grand Jury returned a three count Superseding Bill of Indictment (Doc. 41) against Defendant for, *inter alia*, transporting a minor to engage in sexual activity, producing a visual depiction of such conduct, and possessing child pornography. The charges stemmed from Defendant's interactions with, among others, his minor daughter, wherein, over a course of many years, he groomed her to produce child pornography and thereafter produced child pornography using her as the subject. The Superseding Indictment included a Grand Jury finding of probable cause for forfeiture of "One Western Digital 1TB external hard drive" seized during the investigation.

On July 17, 2020, following a multi-day jury trial wherein the Government presented

numerous witnesses and evidence on, among other issues, forensic examination of electronic items seized from Defendant, a Jury returned a verdict of guilty on Counts Two (producing child pornography in violation of 18 U.S.C. § 2251) and Three (possessing child pornography in violation of 18 U.S.C. § 2252A) in the Superseding Indictment. The forensic examinations were performed on two hard drives seized from Defendant's residence: (1) a Toshiba 2TB external hard disk drive, serial number 2A0004D4, used to store sexually suggestive images and videos of Child Victim 1 and (2) a Western Digital My Passport 1TB external hard drive, serial number WX71C52M4303, used to store child pornography depicting Child Victim 1. Defendant did not request a jury on forfeiture, so the matter of forfeiture of these items—the Western Digital drive identified in the Superseding Indictment and at trial, and the Toshiba drive identified at trial—is now appropriately before this Court.

## LEGAL CONCLUSIONS

Title 18 U.S.C. § 2253(a)(1) and (3), and Fed. R. Crim. P. 32.2(b)(1) provide for a preliminary order of forfeiture of, amongst other items, property that contains child pornography and property used or intended to be used to commit or promote a child pornography offense. Forfeiture is appropriate upon a court finding of a nexus, or connection, between the property and the violation. Fed. R. Crim. P. 32.2(b)(1)(A). The finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The burden of proof on forfeiture is preponderance of the evidence. *See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003). Here, as reflected in the trial record and sentencing record, the preponderance burden is easily met.

Specifically, on the Toshiba external hard drive, law enforcement found images of Child

Victim 1 posing with her sister in her underwear. At the time, Child Victim 1 was a minor and essentially being "groomed" by the Defendant to be the subject of child pornography. On both the Toshiba and the Western Digital external hard drives, law enforcement found several sexually suggestive videos of Child Victim 1. In at least two of these videos, Child Victim 1 is wearing only a bra and underwear. Defendant can be heard talking to and asking Child Victim 1 questions in the videos. Specifically, Defendant can be heard discussing the lighting and directing Child Victim 1 to maintain certain poses and make certain facial expressions. The "Created Date" for these videos is June 28, 2013; Child Victim 1 had recently turned 18 and was no longer a minor. On the Western Digital external hard drive, law enforcement found images of Child Victim 1 at various ages and in various stages of undress. In several images, Child Victim 1 is completely naked, and her vagina is the focal point of the image. She was a minor at the time the photos were taken. Accordingly, forfeiture is appropriate.

It is therefore ORDERED:

1. Based upon Defendant's conviction and the trial evidence, the United States is authorized to maintain possession of the following property belonging to Defendant, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

> **One Toshiba 2TB external hard disk drive, serial number 2A0004D4; and**
>
> **One Western Digital My Passport 1TB external hard drive, serial number WX71C52M4303**

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may

3

direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no petitions are filed, this Order shall become final by operation of law as provided for in Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED.

Signed: November 18, 2020

Frank D. Whitney
United States District Judge